### THOMAS v. UNITED STATES.
### No. 546.

District Court, D. Minnesota, Second Division.
April 4, 1934.

Morse & Morse, of Mankato, Minn., for plaintiff.

George F. Sullivan, U. S. Atty., and Joseph W. Finley, Asst. U. S. Atty., both of St. Paul, Minn., for the United States.

MOLYNEAUX, District Judge.

This is a motion to dismiss the action on the ground that the cause of action is barred by the limitation contained in section 19 of the World War Veterans' Act of 1924, as amended (section 445, title 38 USCA).

The suit was commenced September 23, 1932. The complaint alleges that the plaintiff's deceased was permanently and totally disabled at the time of his discharge from the service May 4, 1918. The answer admits that the premiums on the deceased's $10,000 policy of war risk insurance were paid to include, with the thirty days' grace, the month of October, 1918; alleges the filing of the claim July 2, 1931, with the Veterans' Bureau one day before the claim would have become barred; that the disagreement was issued April 26, 1932, and that notice thereof was given by letter to the plaintiff and her attorneys, which was received April 28, 1932; alleges that the action was commenced September 23, 1932, and that it was barred by virtue of section 19, as amended, supra. The reply alleges that the appeal was taken from the decision of the insurance claims council made April 25, 1932, and also alleges

that appeal was taken from the decision of August 20, 1932, to the administrators' board of appeals.

The reply alleges that plaintiff made demand for insurance benefits July 2, 1931; that plaintiff appealed from the decision of the insurance claims council dated April 25, 1932, and August 20, 1932, said appeal being to the administrators' board of appeals; that as a result of said appeal disagreement was made on or about the 15th day of September, 1932, and forwarded to the plaintiff and her attorneys on or about the 20th day of September, 1932, and reached said parties on the 22d day of September, 1932, and that this action may properly be and is maintained upon said disagreement. The reply further alleges that upon the receipt of the disagreement hereinbefore referred to on the 22d day of September, 1932, this action was commenced by the filing of the original complaint herein with the clerk of the United States District Court at the city of Mankato on the 23d day of September, 1932.

The motion is based upon the pleadings, the affidavit of Mr. R. M. Uehren, and photostatic copies of all correspondence and proceedings with reference to the claim asserted. From these exhibits and the pleadings, it appears that the plaintiff's claim for insurance was filed July 2, 1931. On April 25, 1932, the insurance claims council made its decision disallowing the claim, which decision constituted a disagreement within the terms of the statute. The plaintiff was notified of the decision by letter from the director, dated and mailed April 26, 1932, which was received by the defendant on April 28.

Mr. Ralph L. Chambers, of the Disabled American Veterans, Washington, D. C., forwarded by letter, dated July 25, two affidavits to Mr. McCoy, director of insurance, and requested that the insurance claim be again considered by the insurance claims council in the light of the new evidence. It will be noted that this was more than sixty days after the decision of April 26 and after April 28, when the notice of the decision was received by plaintiff.

On August 6, 1932, Mr. McCoy acknowledged by letter receipt of Mr. Chambers' letter and wrote as follows:

"The case is being referred to the Insurance Claims Council for considera-

tion of the new evidence submitted. When action has been taken, you will be notified."

On August 20, 1932, the insurance claims council made a memorandum in its records to the effect that the additional evidence would not alter the decision dated April 26, 1932.

On August 25, 1932, Mr. McCoy notified Mr. Chambers by letter of this holding and a letter to the same effect was sent to the plaintiff on the same date.

Two days previously, on August 23, Mr. Chambers wrote to Mr. McCoy a letter which was received August 24, inclosing a letter from the plaintiff. Mr. Chambers' letter states that the letter from the plaintiff:

" * * * Notes an appeal to the Board of Appeals from the recent unfavorable decision of the Insurance Claims Council."

The letter from Mrs. Thomas, which was inclosed as aforesaid, reads as follows:

"This will acknowledge receipt of your letter of April 26, 1932, denying claim for permanent and total insurance benefits in the case of my husband, Max Thomas.

"Please be advised that I am dissatisfied with this decision and wish to have the case appealed to the administrator for consideration under section 19 of the World War Veterans' Act, as well as for possible settlement of the case under section 305 of the act."

On August 27, 1932, Mr. McCoy acknowledged receipt of these letters. In answer thereto he wrote:

"The appeal is being submitted to the Administrative Board of Appeals for review."

On September 15, 1932, the administrators' board of appeals decided as follows:

"Appeal was entered pursuant to the provisions of 9800 R and 9803 R. Regulations and Procedure, from decisions of the Insurance Claims Council, dated April 25, 1932, and August 20, 1932, respectively, and the question at issue is as follows:

" 'Was the deceased veteran permanently and totally disabled for insurance purposes as of a date that the insurance was in force, thereby establishing entitlement to insurance benefits?'

"An interest in the case has been expressed by the office of the chairman, national rehabilitation committee, Disabled American Veterans of the World War.

"All evidence of record has been reviewed and no error is found in the decisions of the Insurance Claims Council complained of, which is herewith affirmed by the administrator, constituting disagreement within the provisions of section 19, World War Veterans' Act, 1924, as amended."

On September 22, 1932, notice of this decision was given to the plaintiff.

The plaintiff takes the position that the decision of the administrators' board of appeals, dated September 15, 1932, notice of which was received September 22, 1932, constituted a valid disagreement within the provisions of section 19, World War Veterans' Act of 1924, as amended, upon which this action might be maintained, and that the action having been commenced September 23, 1932, one day after notice of the decision, was commenced in time and is not barred by the statute of limitations (section 445, title 38 USCA).

The defendant properly concedes that if this decision of September 15 was such a disagreement as to support the action, then the action was begun in time.

The defendant contends that the disagreement came into existence on April 25, the date of the decision of the insurance claims council, and that the receipt on April 28 by Mrs. Bertha Thomas, of notice of this disagreement, limited the time within which this action might be commenced, and the sixty-day limitation commenced to run from that date and that plaintiff was not entitled to commence this action later than April 29, 1932, and therefore that the action was not brought in time.

Therefore, the question for consideration on this motion is whether the decision of September 15, 1932, constituted a valid disagreement within the provisions of section 19, as amended.

■ This is a jurisdictional question. This court has no jurisdiction unless there was a disagreement and suit brought within the time limited by the statute, after the disagreement was had.

The Director of the United States Veterans' Bureau is vested with authority to make regulations governing the procedure for the prosecution of war risk insurance benefit claims. Section 426, title 38 USCA. The statute reads as follows:

"§ 426. *Same; director; powers and duties; duties of officers and employees; rules and regulations; proofs and evidence; forms of applications; investigations; medical examinations; adjudications and awards.* The director, subject to the general direction of the President, shall administer, execute, and enforce the provisions of this chapter, and for that purpose shall have full power and authority to make rules and regulations, not inconsistent with the provisions of this chapter, which are necessary or appropriate to carry out its purposes, and shall decide all questions arising under this chapter and all decisions of questions of fact affecting any claimant to the benefits of parts II, III, or IV of this chapter, shall be conclusive except as otherwise provided herein. All officers and employees of the bureau shall perform such duties as may be assigned them by the director. All official acts performed by such officers or employees specially designated therefor by the director shall have the same force and effect as though performed by the director in person. Wherever under any provision or provisions of this chapter regulations are directed or authorized to be made, such regulations, unless the context otherwise requires, shall or may be made by the director. The director shall adopt reasonable and proper rules to govern the procedure of the divisions and to regulate and provide for the nature and extent of the proofs and evidence and the method of taking and furnishing the same in order to establish the right to benefits of compensation, insurance, vocational training or maintenance and support allowance provided for in this chapter, the forms of application of those claiming to be entitled to such benefits, the methods of making investigations and medical examinations, and the manner and form of adjudications and awards. (June 7, 1924, c. 320, § 5, 43 Stat. 608.)"

By regulation 3201, promulgated November 1, 1931, the insurance claims council was vested with jurisdiction to determine the existence of permanent and total disability on yearly renewable term insurance among other types of insurance.

The procedure with reference to appeals was laid down the same date in regulation 3204, as follows:

"Appeal from decision of Insurance Claims Council. Where the Insurance Claims Council finds that permanent and total disability does not exist as alleged, such decision shall be final. However, the veteran or his representative shall have the right of appeal to the Administrator from any finding made pursuant to the authority contained in sections 3200 to 3203 providing such appeal be exercised within sixty days from the date of receipt of notice of the final action of the council. Such appeals must be in writing and otherwise comply with the regulations governing appeals to the Administrator."

Rule 1, regulation 9803, is substantially to the same effect and reads as follows:

"Insurance Appeals. Rule 1. An appeal may be taken to the Administrator of Veterans' Affairs from the decision of the Insurance Claims Council, provided such appeal is in writing and filed within sixty days from the date of mailing the notice of the decision to the claimant and/or his representative."

On receiving notice of the decision of the insurance claims council of April 26, 1932, on April 28, 1932, the plaintiff had the option to appeal from it within sixty days from the date of the decision or to submit to it. It follows that her right to appeal under the foregoing regulation expired on June 27, 1932, unless she is saved by another Regulation of the Bureau, namely rule 7 of Regulation 9803, which reads as follows:

"In proceedings before an activity of the Veterans' Administration in which it shall be decided that a party has no right to appeal to the Administrator of Veterans' Affairs or that said appeal may not be entertained under the provisions of the foregoing rules, such party may apply to the Administrator of Veterans' Affairs for an order directing the activity concerned to forward the record to the Assistant Solicitor in charge of appeals, and such application shall be in writing and shall fully and specifically set forth the grounds upon which the same is based. If upon consideration the application is granted, jurisdiction shall vest in the Administrator's Board of Appeals to properly dispose of the case."

It is the claim of the plaintiff that the Administrator of Veterans' Affairs had authority under this regulation to entertain an appeal after the appeal limitation, under the regulations before quoted, had expired.

It is doubtful whether the Administrator would have authority under this rule to do more than permit such appeal for consideration of the claim administratively. Under this regulation, the Administrator was given authority, when an appeal was taken under it, to consider and "dispose of the case" and might either allow it or reject it, but this was apparently an administrative action from which there is no appeal given.

But assuming that under this rule the Administrator had authority to entertain an appeal after the appeal period had expired, the claimant here took none of the necessary steps, made no application, and obtained no order. What she did do was to ask the Director to reconsider the case and he referred it back to the insurance claims council for reconsideration.

I am of the opinion that the claim is barred by the provisions of section 19, as amended, and the motion to dismiss the action is granted.